UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

DANIEL CRAIG WAINWRIGHT, JR.  CASE NO. 19-10734
HEATHER NICOLE GILUSO WAINWRIGHT

    DEBTORS  CHAPTER 13

## REASONS FOR DECISION

The chapter 13 trustee has moved to dismiss the debtors' case for failure to make plan payments[1] totaling $3,720 when the motion was filed. The motion was originally noticed for hearing on March 18, 2020. Oral argument on the motion is not necessary.

The debtors responded that Mr. Wainwright's business was awaiting payment for ground preparation work that was delayed by rainy weather. They also explained that they had incurred extraordinary expenses, submitting with their opposition a receipt for $1,247.68 of repairs to Mr. Wainwright's dump truck.[2] They suggested that they would be able to pay $4,965 if the hearing on the trustee's motion were continued to April 15, 2020.[3]

After the courthouse closed due to the COVID-19 pandemic, the court on its own motion twice continued the hearing on the motion to dismiss: first to April 15, 2020 and then to May 6, 2020.[4] The debtors thus have had more than two months to cure the payment default. The trustee has not withdrawn the motion and nothing in the record suggests that the debtors have made the payment they committed to make by April 15. The debtors defaulted before the

---

[1] Trustee's Motion to Dismiss, P-32.

[2] P-36.

[3] Debtors' Response to the Motion to Dismiss, P-35.

[4] P-37 and 39.

pandemic began and the construction job that was to yield funds for the debtors to cure their default apparently was to have been completed well before this date.  However, nothing in the record suggests that the debtors have cured the payment default; and in the two months since the trustee moved to dismiss their case, the debtors have not amended their response to the motion, filed a modified plan or sought suspension of plan payments.

Bankruptcy Code section 1326(a)(1) provides that a chapter 13 "debtor shall commence making plan payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier."  Failure to make plan payments is "cause" for dismissal under section 1307(c)(6) as a "material default by the debtor with respect to a term of the confirmed plan."[5]

Accordingly, by separate order, the court will grant the trustee's motion to dismiss the case.

Baton Rouge, Louisiana, May 5, 2020.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[5] *See In re Mallory*, 444 B.R. 553 (S.D. Texas 2011) (debtor's failure to make plan payments for three and one-half months was a material default supporting dismissal).